IN RE HAWLEY.

PATENTS; SUBSTITUTION OF NEW ELEMENT IN OLD COMBINATION.

1. The substitution for an old element in a combination, of an element performing a similar function, but constructed in a different way, does not render the combination itself patentable where there is no resultant change in the operation. In such a case, although the substituted element may be superior, the invention lies in the element, and not in the combination. (Following *Re McNeill*, 20 App. D. C. 294, 297.)

2. Where it was old in time-recording mechanism to provide a revolving drum operated by clockwork, a record sheet to be wound thereon as the drum revolved, and a marking point which made a mark on the record sheet when placed in contact therewith; and it was also old to make a record on a lampblacked surface by the removal of a portion

D. C.]                    Opinion of the Court.

of such surface by means of a coacting stylus,—it does not involve
invention to use in a time-recording mechanism a record sheet having
a removable surface in combination with a stylus which removes a
portion of said surface, although the record sheet itself may be novel.

No. 309. Patent Appeals. Submitted November 17, 1905. Decided
December 5, 1905.

HEARING on an appeal by the applicant from a decision of
the Commissioner of Patents refusing to allow certain claims in
an application for a patent.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Hey & Parsons* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This is an appeal from a decision rejecting nine of the claims
of an application for patent.

The application contained seventy-eight claims when filed,
some of which were stricken out by amendment, and about fifty
of them were finally allowed.

Pending the proceedings in the Patent Office, the applicant,
William D. Hawley, filed a divisional application for the record
sheet that has been included in, and claimed in, this application,
as an article of manufacture, and patent was issued thereon
August 6, 1901, No. 680,145.

The following nine claims of this application were finally re-
jected:

"1. In a time recorder, the combination of two members, one
comprising a support provided with a removable surface, and the
other being provided with means for removing a portion of said
surface and thereby forming a record, means for moving one of
said members relatively to the other when the members are in

their position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving one of the said members and thereby causing the record to represent an interval of time, substantially as and for the purpose described.

"2. In a time recorder, the combination with means for receiving records, said means having a surface removable from an underlying surface; of two members, one comprising a support for said means, and the other a marker provided with means for removing a portion of the first-mentioned surface from the underlying surface and thereby forming a record, means for moving one of said members relatively to the other when the members are in their position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving one of said members and thereby causing the record to represent an interval of time, substantially as and for the purpose described.

"3. In a time recorder, the combination of two members, one comprising a support provided with an exposed surface removable from an underlying surface, and the other comprising a marker provided with means for moving a portion of the exposed surface from the underlying surface and thereby forming a record, means for moving one of said members relatively to the other when the members are in their position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving one of said members and thereby causing the record to represent an interval of time, substantially as and for the purpose specified.

"4. In a time recorder, the combination of two members, one comprising a support provided with an exposed surface and an underlying surface from which the exposed surface is removable, and the other comprising a marker provided with means for scraping a portion of the exposed surface from the underlying surface and thereby forming a record, means for moving one of said members relatively to the other when the members are in their position assumed during the formation of the record, and time mechanism for governing the operation of the means for

moving one of said members and thereby causing the record to represent an interval of time, substantially as and for the purpose set forth.

"5. In a time recorder, the combination of a support for a record sheet provided with a surface removable from an underlying surface, a marker provided with means for removing a portion of the first-mentioned surface from the underlying surface and thereby displaying said underlying surface and forming a record, means for moving one of the foregoing parts relatively to the other when said parts are in the position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving one of said foregoing parts and thereby causing the record to represent an interval of time, substantially as and for the purpose described.

"6. In a time recorder, the combination of a support for a record sheet provided with a surface removable from an underlying surface, a marker provided with means for scraping a portion of the first-mentioned surface from the underlying surface and thereby displaying said underlying surface and forming a record, means for moving one of the foregoing parts relatively to the other when said parts are in the position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving one of said foregoing parts and thereby causing the record to represent an interval of time, substantially as and for the purpose specified.

"7. In a time recorder, the combination of a support for a record sheet provided with a surface removable from an underlying surface, said surface being nonremovable by handling, a marker provided with means for moving a portion of the first-mentioned surface from the underlying surface and thereby displaying said underlying surface and forming a record, means for moving one of the foregoing parts relatively to the other when said parts are in the position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving one of the said foregoing parts and thereby causing the record to represent an interval of time, substantially as and for the purpose set forth.

"8. In a time recorder, the combination of a removable support for a record-receiving means having a surface removable from an underlying surface, a marker provided with means for removing a portion of the first-mentioned surface of the record-receiving means from the underlying surface thereof and thereby displaying said underlying surface and forming a record, means for moving the support relatively to the marker when the support and the marker are in the position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving the support and thereby causing the record to represent an interval of time, substantially as and for the purpose described.

"9. In a time recorder, the combination of a frame having a transparent portion, a movable support for a record-receiving means having an exposed surface removable from an underlying surface, and also having characters representing intervals of time, said support being arranged in alinement with the transparent portion of the frame successively alining said characters therewith, a marker provided with means for removing a portion of the exposed surface of the record-receiving means from the underlying surface thereof and thereby displaying said underlying surface and forming a record, means for moving the support relatively to the marker when the support and the marker are in the position assumed during the formation of the record, and time mechanism for governing the operation of the means for moving the support, and thereby, causing the record to represent an interval of time, substantially as and for the purpose specified."

All of these claims but 3, 4 and 7 have been abandoned, and to them the argument for appellant has been directed. His chief concern is for No. 7, which specifically mentions the record sheet with a surface nonremovable by handling. The references upon which the nine claims were rejected are: Newman, November 2, 1897, No. 592,880; Hawley (record sheet), August 6, 1901, No. 680,145; Ganot, Elements of Physics, ed. 1883, Figure 250, par. 287.

The ordinary operation of automatic time recorders, as il-

lustrated in Newman's patent, is well stated in the decision of Primary Examiner Newton as follows: "In the art of workman's time recorders it is quite common to make a permanent record on a sheet of paper moved by clockwork the time of entrance and departure of workmen from their work. The usual way, as shown for example in Newman, is to attach a sheet of paper to a clock-operated drum, the rulings on the sheet of paper corresponding to the hours and minutes indicated by the clock, and when the workman enters the building, he makes a permanent record of the time of entrance either by puncturing the hour and minute on the sheet of paper, or, as in the Newman case, and the case of the present applicant, by placing the marking point in a position to make a mark on the paper as the drum is revolved at a uniform rate of speed by the clockwork. The marking point makes a mark on said drum until the workman leaves the building, and, as he departs therefrom, he separates the marking point and the drum and stops the mark. Newman makes his mark on his ruled paper by means of a carbon sheet surrounding the paper and his marking point 51; pressing on the carbon sheet causes a mark to be made on his ruled paper."

In Hawley's device, his specially prepared recording sheet is attached to a similar revolving drum, and the record is made by a marking point, or cutting stylus which removes a portion of its outer layer when operated. In brief, the former operates through pressure of the marking point upon interposed carbon paper; the latter through cutting or scraping off a portion of the recording surface.

As said by the Commissioner, "It is old to provide a recording surface so arranged that the record is made by removing a portion of the outer surface from the revolving drum." His reference to Ganot shows a figure which is described as follows: "Round the cylinder is wrapped a sheet of paper covered with a thin layer of lampblack. The apparatus is used by bringing the prepared paper into contact with the point of the style, and then setting the cylinder in motion round its axis."

In that device the style records a mark or traces a line by removing a part of the lampblack. Grant that paper coated with

lampblack is not a commercial article, and that it might not be used successfully for a time recorder for commercial purposes, because the coating is liable to be removed or injured in the necessary handling; still it is old in the art to make a record by removing a portion of the recording surface with a style adapted for cutting or scraping. It is obvious that Newman's device could be adapted to the use of such a record sheet, and that its operation would be the same as appellant's with his special recording surface. The resulting record would be effected in the same way notwithstanding its liability to injury or obliteration in subsequent handling. The mechanism would operate in the same way as appellant's, and the stylus would cut or scrape its record in a like manner upon any kind of sheet having a removable surface coating. Conceding the superiority of appellant's record in respect of the matter of permanency, it is nevertheless plain that the advantage is solely attributable to the character of his novel record sheet. His invention lies in that, and not in his combination. *Re McNeill,* 20 App. D. C. 294, 297. In that case the subject of the rejected application was the combination of a trimmer and a stitch-forming mechanism. The applicant claimed the attainment of a new function by reason of the fact that the stitch-forming mechanism was novel. It was held, affirming the decision of the Commissioner, that, as it had been shown to be old to combine a trimmer with a stitch-forming mechanism, it did not constitute invention to combine a trimmer with another stitch-forming mechanism, whether the latter was new or old. Each acted in its own appointed way, performing its function in the combination irrespective of the other, as is the case here.

Finding no error in the decision appealed from, it will be affirmed; and this decision and the proceedings in this court will be certified to the Commissioner of Patents as required by law. It is so ordered.                    *Affirmed.*